UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

D<small>ARREN</small> D<small>EON</small> J<small>OHNSON</small>,

    Plaintiff,      Case No. 1:21-cv-38

v.              Honorable Hala Y. Jarbou

N. N<small>AGY</small> et al.,

    Defendants.
_____/

**ORDER OF TRANSFER**

  This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan, though the events giving rise to Plaintiff's action occurred at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. Plaintiff sues the following JCF officials: Warden N. Nagy; Assistant Deputy Warden S. Bailey; Grievance Coordinator T. Cobb; Assistant Resident Unit Supervisor Unknown Kik; Correctional Officers Unknown Fried and Unknown Castilla; and Classification Director J. Schley. In his *pro se* complaint, Plaintiff alleges that Defendants denied him soap on one or more occasions, increasing his risk of contracting COVID-19.

  Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events underlying the complaint occurred in Jackson County. Defendants are public officials serving in Jackson County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*,

114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  Jackson County is within the geographical boundaries of the Eastern District of Michigan.  28 U.S.C. § 102(a).  In these circumstances, venue is proper only in the Eastern District.  Therefore:

    **IT IS ORDERED** that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a).  **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*,[1] nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

Dated:   January 28, 2021                          /s/ Ray Kent
                                                                       Ray Kent
                                                                         United States Magistrate Judge

---

[1] The Court notes that Plaintiff has been an active litigant in the federal courts in Michigan.  In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim.  *See Johnson v. Quist*, No. 2:12-cv-11907 (E.D. Mich. July 10, 2012); *Johnson v. Kuehne*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); *Johnson v.Harrison*, No. 2:12-cv-12543 (E.D. Mich. Aug. 2, 2012).  Plaintiff also has, on multiple occasions, been denied leave to proceed *in forma pauperis*, because he has accumulated three strikes.  *See Johnson v. Dixon-Ingalls et al.*, No. 1:20-cv-687 (W.D. Mich. Sept. 3, 2020); *Johnson v. Hoober et al.*, No. 1:18-cv-855 (W.D. Mich. Aug. 10, 2018); *Johnson v. Pallas et al.*, No. 1:17-cv-1016 (W.D. Mich. Dec. 5, 2017); *Johnson v. Miller*, No. 1:17-cv-884 (W.D. Mich. Oct. 24, 2017); *Johnson v. Mark*, No. 2:17-cv-10232 (E.D. Mich. Jan. 27, 2017); *Johnson v. Kinder*, No. 2:16-cv-12698 (E.D. Mich. Aug. 23, 2016); *Johnson v. Hulet*, No. 1:13-cv-837 (W.D. Mich. Aug. 15, 2013).